UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| In re: ) | |
| ) | |
| GARRETT GERARD HOLLMAN ) | Case No. 09-13376-SSM |
| ) | Chapter 11 |
| Debtor ) | |
| ) | |
| GARRETT GERARD HOLLMAN ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | Adversary Proceeding No. 09-1147-SSM |
| ) | |
| DALE WEED *et al.* ) | |
| ) | |
| Defendants ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court is the motion of the defendants for summary judgment in this action by a chapter 11 debtor in possession for recovery of damages and imposition of a constructive trust based on alleged fraud and breach of fiduciary duty. A hearing was held on November 3, 2009, at which the plaintiff and the defendants were each present by counsel, and was continued to November 9, 2009, for a ruling. For the reasons stated, the motion for summary judgment will be granted, but without prejudice to the assertion of the fraud claims as a setoff to the claims filed by defendant Weed in the plaintiff's bankruptcy case.

Background

Garrett Gerard Hollman ("the debtor") filed a voluntary petition in this court on April 4, 2009, for reorganization under chapter 11 of the Bankruptcy Code and has remained in

1

possession of his estate as a debtor in possession. A plan has not yet been proposed. Among the assets listed on his schedules were

> All claims and causes of action – including but not limited to, claims for fraud, imposition of a constructive trust, cancellation of indebtedness and any compensatory and/or punitive damages – that may exist against Dale Weed, Brooke Gilliam, Paul Lucas and/or others arising out of or in connection with any pre-petition business relationships between the Debtor and any or all of said parties, including, but not limited to, claims arising in connection with the disposition of Debtor's membership interests in 1941 LLC, 323 LLC and/or 1901 LLC.

The schedules list Dale Weed as the holder of a disputed unsecured claim in the amount of $1,450,000. 323 LLC is shown as the holder of a first-lien deed of trust against the debtor's residence in Luray, Virginia. The statement of financial affairs reports that the debtor is employed as the owner and manager of 1901 LLC, itself a chapter 11 debtor in a case filed in this court approximately a week prior to the debtor's case.[1] The statement of financial affairs also reports that a lawsuit by Weed, not otherwise described, was pending against the debtor in the Circuit Court of Arlington County, Virginia, on the filing date of the bankruptcy petition. Depositions from that action have been cited by the parties both to support and to oppose the present motion for summary judgment.

The present adversary proceeding was commenced on June 8, 2009, by the debtor against Weed, Brooke Gilliam, and 323 LLC, seeking damages and imposition of a constructive trust for alleged fraud and breach of fiduciary duty in connection with the sale of real property in Arlington County, Virginia, that was owned by 1941 LLC and 323 LLC. Weed is the debtor's cousin once removed; Gilliam is Weed's step-daughter and the nominal manager of 323 LLC.

---

[1] In re 1901 LLC, No. 09-12244-SSM (Bankr. E.D. Va., Pet. Filed March 26, 2009).

The complaint alleges that Weed had taken the debtor under his wing as his protégé at a time when the debtor's own life was in shambles and, after some years, had entered into what is alleged to have been a joint venture in which multifamily housing projects would be bought, operated, and ultimately sold, with the vehicle for holding the property being limited liability companies set up by Weed in which he and the debtor, and sometimes third party investors, were the members. The complaint further alleges that in February 2006, Weed and the debtor agreed that the properties owned by two of the entities, 1941 LLC and 323 LLC, should be sold. At that time Weed held a 70% interest in 1941 LLC, a 40% interest in 323 LLC, and a 70% interest in a third entity, 1901 LLC. A contract was signed on February 6, 2006, under which Weed sold those interests to the debtor for a total of $1,775,300.[2] No cash changed hands. Instead, Weed received two promissory notes made by 1901 LLC and 1941 LLC and guaranteed by the debtor. The first note was in the amount of $707,300, with interest at 3.5% per year, compounded monthly, and due 6 months later. The second note was in the amount of $1,068,000, with interest at 12% per year, compounded monthly, and likewise due 6 months later. Payment of the notes was secured by a second-lien deed of trust against the apartment projects owned by 1941 LLC and 1901 LLC. Following the transfer, the debtor was the 100% owner of 323 LLC and the 85% owner of 1941 LLC, with a Barbara Miner owning the remaining 15% of 1941 LLC.

  The debtor, in his capacity as the manager of 1941 LLC and 323 LLC, entered into sales contracts for the real estate owned by them. The sales price for the 1941 LLC property was $2,820,000, while the sales price for the 323 LLC property was $1,350,000. The 1941 LLC

---

[2] The breakdown was $1,024,380 for the 70% interest in 1901 LLC, $682,920 for the 70% interest in 1941 LLC, and $68,000 for the 40% interest in 323 LLC.

contract went to settlement in June 2006, and the 323 LLC contract went to settlement in August 2006.

The present dispute centers on transactions immediately preceding those settlements. Weed advised the debtor that the sales would generate significant capital gains tax upon which he would be liable and suggested that the debtor transfer his ownership interest to third parties — Paul Lucas in the case of 1941 LLC and Brooke Gilliam in the case of 323 LLC. The deposition testimony fairly shows that both of these individuals were merely straws for Weed. The debtor alleges that Weed's advice was given, not to help the debtor defer taxes, but so that Weed could gain possession of the sales proceeds himself. In any event, papers were prepared under which the debtor sold his interest in 1941 LLC to Lucas for $496,100, and his interest in 323 LLC to Gilliam for $550,000. With respect to the 323 LLC transaction, the debtor received from Gilliam a promissory note made by 323 LLC (on which Gilliam was <u>not</u> liable) in the amount of $550,000 with interest at 8½ %, payable in monthly installments of interest only until April 30, 2020, when the principal would be due. It is asserted by Weed that the debtor likewise received a promissory note in connection with the sale of his interest to Lucas, although no one seems to have a copy of it. There is no dispute, however, that the debtor has been receiving regular monthly payments—purportedly representing the payments due under the two notes—from 1941 LLC and 323 LLC since the properties were sold.[3]

The sale of the 1941 LLC property resulted in cash proceeds—after payment of $750,000 to Weed to release his second deed of trust against that entity's property—of $139,313 and a

---

[3] Whether the payment amounts being received by the debtor correctly correspond to the amounts required by the notes is not before the court, and the court expresses no view.

seller take-back note of $572,000, while the sale of the 323 LLC property resulted in cash proceeds of $744,247. Following the sale of the properties, Weed "repurchased" Lucas's interest in 1941 LLC for $1,000 and is now the manager of 1941 LLC. Gilliam remains the nominal manager of 323 LLC, which at some point acquired the first deed of trust against the debtor's residence. Other than the monthly payments from 1941 LLC and 323 LLC, the debtor has received none of the sales proceeds from the sale of the properties. The $750,000 received by Weed from the sale of the 1941 LLC property partially paid down the principal on one of the notes guaranteed by the debtor and paid interest on both notes; however, Weed asserts that $1,528,889 remained due on the two notes on the date the debtor filed his chapter 11 petition.[4] Although the deed of trust securing the notes was released against 1941 LLC's property when it was sold, it remains a lien against 1901 LLC's property. The first-lien deed of trust against the 1901 LLC property was purchased from the original lender, Virginia Commerce Bank, by a limited partnership, The Bookland, L.P., set up by Weed.

## Discussion

### I.

Summary judgment may be entered against either a claiming or defending party without the necessity of a trial "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); Fed.R.Bankr.P. 7056. As the Supreme Court has explained, summary judgment is properly regarded not as a disfavored

---

[4] This is the amount set forth on the face of the proof of claim, although the accounting attached to the claim appears to reflect a balance (including a 15% late charge when the notes were not paid at maturity) of closer to $1.4 million.

procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed "to secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1986). In ruling on motion for summary judgment, a court should believe the evidence of the nonmovant, and all justifiable inferences must be drawn in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). At the same time, only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. *Id*. at 248, 106 S.Ct. at 2510. Although a moving defendant has the burden of showing that there is no genuine issue of fact, the plaintiff is not thereby relieved of his own burden of producing in turn evidence that would support a jury verdict. *Id*. at 256, 106 S.Ct. at 2514. In particular, when a motion for summary judgment is properly made and supported, an opposing party may not simply rely on allegations or denials in its own pleadings, but must, by affidavits or otherwise, set out specific facts showing a genuine issue for trial. Fed.R.Civ.P. 56(e)(2).

II

In the present motion, the defendants assert that the plaintiff has failed to identify evidence sufficient to create a triable issue on his claims of fraud or breach of fiduciary duty, and that, in any event, those claims are barred by the applicable statute of limitations. Because the court agrees that the claims are barred by the statute of limitations, the court need not at this time reach the sufficiency of the evidence.

With respect to the claims of fraud, the statute of limitations in Virginia is two years from the date the fraud "is discovered or by the exercise of due diligence reasonably should have been

discovered." Va. Code Ann. §§ 8.01-243(A), 8.01-249. With respect to the alleged breach of fiduciary duty, the statute of limitations is two years. *Id.* § 8.01-248.

The plaintiff's theory is that he was misled by Weed into believing that, whatever the formal structure of the transaction, he would receive the sales proceeds in a lump sum (presumably so that he would have the funds needed to pay the notes held by Weed). The court agrees with the defendants, however, that the plaintiff had to have been aware no later than September 2006—the month after the second sale closed—that he was receiving installment payments, not a lump sum. The present action was not brought until June 8, 2009, some two years and nine months later. It is true that the filing of the chapter 11 petition would have tolled the running of the statute if it had not already expired. § 108(a), Bankruptcy Code. But even when the debtor's petition was filed on April 4, 2009, some two years and seven months had passed since the debtor, in the exercise of reasonable diligence, should reasonably have known that he was receiving only monthly payments. The fact that the debtor's attorney may not have known until much more recently the specific <u>details</u> of what happened to the sales proceeds—some of which appear to have been funneled to another business owned by Weed—is not sufficient to postpone the running of the statute of limitations. Just as a man who discovers his wallet missing need not know the pick-pocket's stratagem to nevertheless know he has been robbed, a person who has been defrauded need only know that he was cheated. Accordingly, the court concludes that the claims of fraud are time-barred.

If that is true of the fraud claims, it is even more true of the breach of fiduciary duty claims, since the statute runs from the date of the breach, not its discovery. Assuming, without deciding, that Weed stood in a fiduciary relationship to the debtor when advising him to transfer

his membership interests to Lucas and Gilliam and that he breached that duty by orchestrating a transaction designed to benefit himself financially to the detriment of the debtor, the breach of duty was complete no later than the date of the second settlement.  The debtor's theory of a continuing breach of duty so long as Weed retains funds that should be paid to the debtor is unsupported by any reported Virginia cases and, as the defendants correctly note, would effectively render the statute of limitations a nullity, since the statute would run forever so long as a faithless fiduciary failed to restore what he had taken.

### III.

None of this is to suggest that the court views Weed's conduct in this matter as either honorable or above-board.  Indeed, the deposition testimony reflects a man who is evasive and secretive.  The issue, however, is not whether what Weed did was right, but whether the debtor waited too long to file suit.  For the reasons stated, the court concludes that he has.  The court does notes, however, that there is authority in Virginia that a time-barred claim, though it will not support an affirmative recovery, may nevertheless be raised defensively as a set off. *See Landing Owners Assn. V. Simons*, 65 Va. Cir. 524 (Va. Cir. 2002).  In this connection, Weed has filed two proofs of claim in the debtor's case totaling $1,592,828, the larger of which is based on the debtor's personal guaranty of the two promissory notes given at the time the debtor purchased Weed's interest in the three limited partnership.  If there were a pending objection to those claims, the court would allow the present action to go forward for the purpose of establishing the amount, if any, of the offset to which the debtor is entitled.  At the present time, however, no objection has been filed to the claims.  Accordingly, although the court will dismiss the claims for damages and for imposition of a constructive trust as time-barred, the dismissal

will be with prejudice only with respect to defendants Gilliam and 323 LLC and as to any claim against Weed for an affirmative recovery, but will be without prejudice to reinstatement of the action as to Weed if an objection is filed to Weed's proofs of claim, in which event the objection to claim and this action will be consolidated for trial.

### O R D E R

For the reasons stated, it is

**ORDERED:**

1. The motion for summary judgment is granted, and judgment is entered (a) dismissing the claims against defendants Brooke Gilliam and 323 LLC with prejudice; (b) dismissing the claims against defendant Dale Weed with prejudice to any claim for an affirmative recovery or imposition of a constructive trust, but without prejudice to any claim of setoff with respect to the claims filed by Weed in the plaintiff's bankruptcy case.

2. Should an objection be filed to Weed's claims in the plaintiff's bankruptcy case, the court will entertain a motion to reinstate this action, against defendant Weed only, to hear and determine any claims of setoff in a consolidated trial of this action and the objection to claim.

Date: _____                    _____
                                                                                    Stephen S. Mitchell
Alexandria, Virginia                                                        United States Bankruptcy Judge

Copies to:

Thomas P. Mains, Esquire
Post Office Box 1241
Great Falls, VA 22066
Counsel for the plaintiff

George Olai Peterson, Esquire
Sands Anderson Marks & Miller, P.C.
1497 Chain Bridge Road
Suite 202
McLean, VA 22101
Counsel for the defendants